[Crim. No. 2048. First Appellate District, Division Two.—January 5, 1939.]

THE PEOPLE, Respondent, v. AUGUST EDWARD BOUQUET, Appellant.

Raymond Ferrario and Leo A. Sullivan, for Appellant.

U. S. Webb, Attorney-General, and F. Walter French, Deputy Attorney-General, for Respondent.

NOURSE, P. J.—The defendant was convicted on a trial by jury upon an information charging rape under the provisions of section 261 of the Penal Code. He appeals from the judgment and from the order denying his motion for a new trial.

The appeal is based upon the sole ground that the evidence does not show "resistance to the utmost" on the part of the prosecutrix. The evidence presented by the state stands uncontradicted. The defendant did not take the stand and offered no evidence in his defense. On the part of the state the evidence shows a preconceived plan on the part of the defendant to accomplish his purpose and to prepare an alibi. The prosecutrix was a maid employed in a hotel in the city of Oakland, a woman of fifty-one years. The defendant approached her while she stood in an unoccupied room in the hotel. He held his right hand in his coat pocket and threatend to shoot if she made an outcry or resisted. He then took her keys and locked the entrance door, placed his handkerchief in her mouth, and tied a scarf taken from the dresser top about her head and face. With continued threats of bodily harm he committed the acts denounced by sections 288a, 261 and 286 of the Penal Code. These were followed by a cruel and inhuman beating of the prosecutrix from which she had not fully recovered at the time of the trial.

■ Appellant's entire case rests on the premise that since this "force and violence" was used after the commission of the acts, there is no proof that her resistance was overcome. He overlooks the provisions of subdivision four of section 261 where a distinct element of the crime is defined to be the prevention of resistance "by threats of great and immediate bodily harm". Such was the case proved by the state.

The judgment and the order are affirmed.

Sturtevant, J., and Spence, J., concurred.